## APPROPRIATION BY ONE MUNICIPALITY OF LAND LYING WITHIN ANOTHER MUNICIPALITY.

Court of Appeals for Hamilton County.

JOHN SCHRENK, JR., v. CITY OF CINCINNATI.*

Decided, January 17, 1916.

*Municipal Corporations—Appropriation of Property for Park Purposes —Park Area May be Enlarged by Appropriation of Contiguous Lands Although Lying Wholly Within Another Municipality.*

A municipality may enlarge its park area by appropriating contiguous lands notwithstanding they lie wholly within the limits of another municipality.

*Affirming *Cincinnati* v. *Ziegler* et al, 16 N.P. (N.S.), 169.

*Michael G. Heintz,* for plaintiff in error.

*Walter M. Schoenle,* City Solicitor, and *Saul Zielonka,* Assistant Solicitor, contra.

GORMAN, J.

The defendant in error brought proceedings in the court of insolvency against the plaintiff in error and others to appropriate property for the extension of the Bloody Run boulevard for park purposes between the cities of Cincinnati and Norwood, and to fix the value thereof.

A part of the property of plaintiff in error, lying outside of but contiguous to the city of Cincinnati and within the limits of the city of Norwood, was appropriated. A jury was impanneled which, after a hearing, assessed the damages for the property taken and damages to the residue at $7,080, and a judgment was entered upon the verdict awarding the property to defendant in error upon the payment of the condemnation money. Error is prosecuted to this judgment.

It is claimed, first, that the verdict is against the weight of the evidence in that the amount of compensation assessed is totally insufficient.

The record fails to show that the verdict is so manifestly against the weight of the evidence as to warrant a reviewing court in setting it aside. The verdict appears to us to represent a fair value of the property taken and damages to the residue; in fact, the jury might well have returned a much smaller verdict and it would have done justice to plaintiff in error under the evidence adduced.

Secondly, it is claimed that the city of Cincinnati had no power or authority under the law to appropriate this property (which lies wholly within the city of Norwood, although contiguous to the city of Cincinnati) for parkway and boulevard purposes.

Section 3677, General Code, among other things, confers special power upon municipal corporations to appropriate, enter upon and hold real estate within their corporate limits.

"2. For parks, park entrances, boulevards, market places, and children's playgrounds."

It further provides that such power shall be exercised for the purposes and in the manner provided in Chapter 1, Division III, relating to the appropriation of property by municipalities, Sections 3677 to 3697 inclusive.

Section 3678 provides that in the appropriation of property for any of the purposes named in the preceding section (3677) the corporation may, when reasonably necessary, acquire property outside the limits of the corporation.

It will therefore be seen that the power and authority to acquire by appropriation proceedings property for park and boulevard purposes outside the municipality, when the same is reasonably necessary, is expressly granted.

But it is contended that the construction to be given to these two sections should be that the property outside the municipality which may be appropriated is property not within the limits of another municipality, but only such property as is wholly outside the limits of any municipality.

Such a construction would in effect read into Section 3678 language not therein, and would in effect constitute judicial legislation and a usurpation by the court of the functions of the Legislature.

The Legislature has created all municipal corporations either by special laws under the Constitution of 1802 or by general laws under the Constitution of 1851; and it is elementary that the creator can destroy. It, the Legislature, may, unless there be constitutional inhibitions, merge two or more municipalities, transfer the territory or a part thereof from one municipality to another, abolish all the officers of a city or village, or create new or additional officers; in fact, it can add to or take from municipalities their political rights and functions almost at will. *State, ex rel*, v. *Cincinnati*, 52 O. S., 419.

We can see no reason why the Legislature might not provide in specific terms that one municipality may appropriate property within the limits of another municipality, provided the property to be appropriated is for authorized public purposes such as parks and boulevards. While the statute, Section 3678, does not in specific terms provide that the appropriation of property within the limits of another municipality may be made,

it does provide that property outside the municipality may be appropriated, and in the appropriation the municipality exercising the power of eminent domain is not limited to the taking of property wholly outside of any other municipality.

This right to appropriate property for public purposes by one municipality, within the limits of another, was upheld in the case of the *Application of the Mayor and Aldermen of the City of New York to Acquire Title to Certain Lands for Public Parks, etc.,* 99 N. Y., 569, and in the case of *Matter of Lands in the Town of Flatbush,* 60 N. Y., 398. In the last case the city of Brooklyn appropriated lands for park purposes within the corporate limits of the towns of Flatbush and Newlots, and its right so to do was upheld by the court of appeals.

The plaintiff in error has had a fair and impartial trial of his cause, and has had the benefit of the judgment of twelve jurors and the trial court as to the fair market value of his property taken and damages to the residue. The power and authority of the city of Cincinnati to appropriate this property is undoubted, and we find no errors in the record of the trial prejudicial to plaintiff in error.

The judgment of the court of insolvency is therefore affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.